## COGSWELL *& al. vs.* REED *& al.*

A division of the real estate of an intestate among the heirs, by commissioners appointed by the Court of Probate, is not effectual and binding, if it has not been returned to, and accepted by, said Court ; nor, will an heir be *estopped* to claim his undivided share in the whole estate, by an acquiescence of eight years in such division, and a conveyance to a stranger, of the share assigned to himself.

THIS was an action of trespass for breaking and entering the plaintiff's close, and cutting down and carrying away a large number of trees. There was also a count *de bonis asportatis.*

The defendants, *Benjamin Reed* and *Samuel D. Reed,* pleaded separately ; and claimed title to the *locus in quo* as heirs at law of *Eliphalet D. Reed,* deceased, intestate.

The plaintiffs shew conveyances of the *locus in quo* from three of the heirs of the said *Eliphalet Reed,* including *Benjamin Reed,* one of the defendants, describing said shares by metes and bounds.

The plaintiffs also offered to prove that the heirs of said *Eliphalet* had, ever since the year 1823, occupied their respective shares, according to a division and report of a committee, which had not been returned to, and accepted by, the Judge of Probate. That said *Samuel* had conveyed his own share by metes and bounds conforming to the division aforesaid, and had bought trees of *Benjamin,* cut upon the *locus in quo ;* and several other acts of said *Samuel* and the other heirs, indicating their acquiescence in said division.

As to *Benjamin Reed,* the Chief Justice ruled, that he was *estopped* by his deed to deny the title of the plaintiffs.

He also ruled, that the evidence offered did not make out a case against *Samuel* — that the report of the division never having been accepted and recorded, was not effectual to divest the title of *Samuel* to his share in the *locus in quo,* and directed the jury to return a verdict of acquital as to him, which was accordingly done.

If this ruling was erroneous the verdict was to be set aside and a new trial granted ; otherwise, judgment was to be rendered thereon.

*Bulfinch,* for the plaintiffs, contended that *both* defendants were *estopped.*

1. If the provisions of the statute have not been in all respects complied with, in the division of the estate of *E. Reed,* yet the appointment of a committee on the petition of *S. D. Reed & als.* and his subsequent ratification of their doings, might, for the purposes of justice, have the effect and operation of a submission and award; which, though it might not operate as a *conveyance,* would estop a party from setting up a title against the award. *Kyd on Awards,* 63.

2. The defendant, *S. D. Reed,* is estopped by his silence and submission to the division by the committee. *Danes' Abr.* ch. 160, *a.* 1, 26; *Fairbanks & al.* v. *Williamson,* 7 *Greenl.* 96; 1 *Stark. on Ev.* 305; 2 *Stark. Ev.* 24; *Farley* v. *Thompson,* 15 *Mass.* 18; *Chapman & al.* v. *Searle, Admin'r,* 3 *Pick.* 38.

3. He is estopped by his *acceptance* of the share assigned him by the committee. *Kyd on Awards,* 636; *Calhoun's Lessee* v. *Dunning,* 4 *Dallas,* 120; 4 *Johns. Rep.* 202; 9 *Johns. Rep.* 270; *Varnum* v. *Abbott,* 12 *Mass.* 476.

4. He is estopped by his own deed, conveying his share to *John Chapman.* 4 *Stark. Ev.* 30; 9 *Johns.* 92.

*Allen,* for the defendants, cited the following authorities, *Porter* v. *Perkins,* 5 *Mass.* 233; *Porter* v. *Hill,* 9 *Mass.* 34; *Porter* v. *Pitts,* 11 *Mass.* 125; *Bartlett* v. *Harlow,* 12 *Mass.* 348; *Baldwin* v. *Whiting,* 13 *Mass.* 60; *Keay* v. *Goodwin,* 16 *Mass.* 4; *Rising* v. *Stannard,* 17 *Mass.* 285; *Cutting* v. *Rockwood,* 2 *Pick.* 443; *Miller* v. *Miller,* 7 *Pick.* 133.

WESTON C. J.—The partition of the estate of *Eliphalet Reed,* father of the defendants, attempted under the authority of the court of probate, failed of being carried into effect. The return of the commissioners, if it was ever signed by them, never reached the probate office, and was never accepted or recorded. And although each of the heirs may have occupied under the partition contemplated, and some of them may have conveyed their supposed shares by metes and bounds; yet this would not have constituted a legal partition, or bind any but the grantors in such deeds; and that by way of estoppel. It is well settled

that a conveyance by one tenant in common by metes and bounds, is void against the co-tenants. The cases cited for the defendant, are express to this point.

The plaintiff offered to prove that the defendant, *Samuel D. Reed*, had conveyed by metes and bounds the share, supposed to have been or intended to be assigned to him, to one *Chapman*, by which it is insisted he is estopped. And he is so, as to *Chapman*, and those claiming under him. But the plaintiff is no party to that estoppel ; nor is there any privity between him and *Chapman*. The conveyance to *Chapman* is void as to the other heirs. A parol partition, between tenants in common, which is void in law, cannot be made good by a conveyance by each, by deed of his several share, by metes and bounds. Such a course of proceedings is not justified, by any right of offset existing between the parties. Although Samuel may have conveyed to *Chapman* more than belonged to him, and may therefore have made himself liable upon his covenants, he is not thereby deprived of his interest, derived by inheritance, in the land claimed by the plaintiffs, which he has never legally parted with or conveyed.

He was then a tenant in common of the *locus in quo*, and no action of trespass, *quare clausum*, can lie against him for entering upon it. Being tenant in common of the land, he had an equal interest in the timber there standing and growing, or which may have been cut and felled thereon. At common law, each of the tenants in common has an equal right to the enjoyment of the common property. Nor will trespass lie by one against the other. As this right was liable to abuse, the statute of 1821, c. 35, sec. 2, has forbidden its exercise by any tenant in common, who has occasion to take to his own use any timber, stone, ore, or any other valuable matter from the land, without forty days previous notice in writing, to the other parties in interest. Failing to do so, he is made liable to treble damages, to be recovered in an action of trespass. The action before us is not under the statute, but at common law. And we are very clear that it cannot be maintained against *Samuel Reed*, a tenant in common, for appropriating to his own use some of the timber taken from the common land. The opinion of the Court is, that the jury were properly instructed at the trial, by the presiding Judge.

*Judgment on the verdict.*